EMMA J. GLOS

*v.*

ALEXANDER CLARK.

*Opinion filed October 25, 1902.*

APPEALS AND ERRORS—*portion of partition decree which orders accounting is not appealable.* The portion of a partition decree which declares the title of the parties, is a final, appealable order, notwithstanding commissioners are appointed to make partition and report; but that portion of the decree which orders an accounting is interlocutory only, and not a final, appealable order.

*Glos* v. *Clark,* 97 Ill. App. 609, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

ENOCH J. PRICE, for appellant.

ALEXANDER CLARK, *pro se.*

Mr. JUSTICE BOGGS delivered the opinion of the court:

In *Clark* v. *Glos,* 180 Ill. 556, it was determined that certain city lots in the city of Evanston, Cook county, Illinois, were owned by the parties hereto in the following proportions, to-wit: Emma J. Glos an undivided five-eighths and Alexander Clark an undivided three-eighths. This was a bill in chancery brought by the appellant against the appellee, in the superior court of Cook county, to partition said lots. The appellee, Clark, filed an answer admitting the allegations of the bill as to the title of the respective parties to the lots, and by leave of the court filed a cross-bill. The cross-bill alleged that said appellee, Clark, had paid certain taxes and special assessments on the lots and incurred other expenses in connection with the property, and admitted that he had received rents and profits therefrom, and that the decree

in the former case, under the Burnt Records act, as affirmed in this court, required him to pay Mrs. Glos $163.47 as the terms and conditions upon which a tax deed upon his interest in the lots should be canceled and that such sum remained unpaid, but alleged that an accounting of all these matters would show an indebtedness against Mrs. Glos and in his favor, and prayed that an accounting be taken and had, and upon a hearing a decree be entered for such amount as should be found due him on such accounting and a lien be declared therefor against the interest of the appellant in the lots. Upon a hearing a decree was entered declaring the parties held title to the lots as tenants in common, in the proportions as declared in this court as aforesaid, and appointing commissioners to make partition of said premises. The decree further ordered that an accounting should be had and taken between the parties before George M. Stevens, a master in chancery of the court. The decree contained findings of fact as to some of the items involved in the accounting, and further provided:

"For the better discovery of the matters relating thereto, the parties hereto are respectively ordered to produce before said master, and to leave with him until otherwise directed, all books and papers in their custody or under their control relating thereto, and are to be examined upon oath and interrogatories as the said master shall direct; and said master shall cause to come before him all such witnesses whose testimony he may deem necessary, and examine them upon oath and interrogatories touching the said account, and in making the accounting the master shall find and report the same with the evidence.

"*First*—The whole amount of taxes and special assessments paid out by Alexander Clark on the said premises since June 8, 1891.

"*Second*—What portion of the same has been paid out on account of the improvements made by said Clark on

said lot 14, block 1, aforesaid; and he shall deduct such amount of such taxes and special assessments paid out on account of said improvements from the whole amount of such taxes and special assessments paid out by said Clark, and report the amount of five-eighths of balance.

"*Third*—He shall ascertain five-eighths of all amounts received by said Clark as rentals for said premises since June 8, 1891, except lot 14 aforesaid; and he shall also ascertain the net profits or rentals from said lot 14 after deducting all disbursements thereon by said Clark, in the method provided for in paragraph 14 of this decree.

"*Fourth*—He shall also ascertain the difference between the amount of five-eighths of the taxes and special assessments paid out by said Clark since June 8, 1891, except as to the portion paid out by him on account of the improvements on lot 14, as aforesaid, and between the amount of five-eighths of the rentals received by said Clark on said premises for said period, except lot 14 as aforesaid, together with five-eighths of the net profits from rentals on said lot 14 for said period after deducting all disbursements thereon, as provided for in paragraph 14 of this decree, and report such difference to this court."

The appellant prosecuted an appeal to the Appellate Court for the First District from that branch of the decree relative to the accounting. Judgment of affirmance was entered in the Appellate Court, and this is a further appeal by which she seeks to have the judgment of the Appellate Court reviewed in this court.

The decree, so far as it declares the title of the parties to the lots, is a final, appealable decree, notwithstanding the order appointing commissioners and directing said commissioners to partition the lots and report their action to the court. The order appointing the commissioners is merely for the purpose of executing the decree of partition, and a decree which terminates the litigation between the parties, so that if affirmed by a court of re-

view nothing remains to be done but to carry the decree into execution, is a final, appealable decree. (*Rhodes* v. *Rhodes*, 172 Ill. 187.) The decree declared the title of the respective parties in the lots to be as claimed by them in their pleadings. No attempt was made to appeal from that portion of the decree. The Appellate Court would have been lacking in jurisdiction to entertain an appeal from that branch of the decree, for the reason a freehold would have been involved. The appeal was from that branch of the decree which ordered an accounting to be taken between the parties, under the issues made under the cross-bill and the answer thereto. As to those issues the decree was not a final, appealable decree, but merely an interlocutory order. The reference was to the master as a ministerial, not a judicial, officer, to take testimony, oral and documentary, touching the matters involved in the accounting, and to make report thereof to the court, together with his findings as to matters of fact involved in the accounting. The action of the court on the coming in of the master's report, and the consideration thereof, would constitute the final decree in the matter of the accounting, and an appeal could then be prosecuted. The reference to the master was an interlocutory order, and an appeal could not be prosecuted from it. (*Gage* v. *Eich*, 56 Ill. 297; *Hunter* v. *Hunter*, 100 id. 519; 2 Ency. of Pl. & Pr. 68, 69.) The report of the master after a hearing shall be had under the reference, and the action of the court on the report, may not be unsatisfactory to the appellant, or if so, may not be in an amount sufficient to give this court jurisdiction to entertain an appeal except upon a certificate of importance.

The judgment of the Appellate Court is reversed, and the cause will be remanded to the Appellate Court with directions to dismiss the appeal.

*Reversed and remanded, with directions.*