LOUISE CROWE *et al.*

*v.*

GRACE KENNEDY *et al.*

*Opinion filed December 22, 1906.*

PARTITION—*a decree which finds interests of the parties is final.* A partition decree which finds the interests of the parties and that the lien of a certain trust deed held by one of the defendants is not barred by the Statute of Limitations but is a valid lien, and orders partition, is final, and if no appeal therefrom is taken the finding as to the validity of the lien of the trust deed cannot be questioned upon appeal from the order of sale entered after the commissioners had reported the premises as not susceptible of division.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is a bill filed February 24, 1904, for the partition of certain real estate in Chicago, Illinois, of which Michael Crowe died seized January 19, 1887, the main question being whether appellee Grace Kennedy has a valid and subsisting lien on a portion of said real estate under a trust deed executed by said Crowe and wife July 26, 1886, to secure his note for $4000, or whether the right to enforce said lien is barred by the Statute of Limitations.

Michael Crowe, by his will, made January 3, 1887, devised certain of his real estate (including that included in the trust deed) to his wife, "in trust, nevertheless, for the following purposes and uses, to-wit: That the income of my said estate, both real and personal, shall be payable to my said wife, as such trustee, to be used by her for the support of herself and my said children, and that the inheritance and accumulated capital of said estate, upon the arrival of my then youngest living child at the age of twenty-one (21) years, shall be equally divided among my said children who shall then be living, share and share alike, as tenants in common of my said estate. * * * But it is my wish that until the arrival at the age of twenty-one (21) years of my then youngest living child, my beloved wife, as such trustee, shall have express power to lease, control, manage and regulate my said estate as in her opinion is most prudent." The widow was also nominated as executrix.

In August, 1903, the youngest child became of age. This bill was filed by the widow, personally and as trustee, and all of the children then living, (except an insane daughter, Maria,) against said Maria and Grace Kennedy and the trustee and successor in trust in said trust deed. The latter three defendants filed their answer, setting up said trust

deed, averring that the interest on the note secured thereby had been paid to January 26, 1904, and that the same was a valid lien. By amendment to the bill March 29, 1904, the complainants alleged that said note and trust deed were barred by the Statute of Limitations long before the commencement of the suit, which appellees in their answer denied, repeating their allegations of payment of interest. The matter was referred to a master to take proofs, and he reported July 5, 1904, that the interest had been paid to January 26, 1904, by John V. and Albert J. Crowe, sons of said deceased, who from the time of the death of their father received the rents of the real estate of which he died seized and paid taxes thereon and supported the widow and family; that said payments of interest were made without the knowledge or authority of Maria Crowe, trustee, and the other heirs, and were not binding upon said trustee or other heirs, and that therefore the right to enforce the lien of said trust deed was barred by the Statute of Limitations. To these findings appellee Grace Kennedy objected. December 16, 1904, she filed a cross-bill for the foreclosure of said trust deed, setting up substantially the same facts found in her answers to the original bill, and answers were filed thereto, but it appears that the defendant Grace Kennedy elected to rely upon her answers to the original bill.

Upon the hearing in court on the master's report the objections of appellee Grace Kennedy were allowed to stand as exceptions and were sustained, and decree of partition was entered March 6, 1905, finding that the five children of said Michael Crowe, who were the complainants in the bill, and the defendant Maria E. Crowe, each had title in fee simple to a one-sixth part of the real estate described in the bill, and that partition and division thereof among them be made in this proceeding, subject to the lien or claim of the defendant Grace Kennedy in said premises or any part thereof; "that the exceptions of the defendant Grace Kennedy to the master's conclusions of law and fact, as found in said

report, be and the same are hereby sustained, and that in all other respects the report of the master, and his conclusions and recommendations therein, be and the same is hereby confirmed." The decree also finds that neither said note nor trust deed was ever presented to the probate court of Cook county against the estate of Michael Crowe, deceased, or to the executrix, for allowance or payment, and that Maria Crowe, as trustee, has never paid any portion of her interest of said note, but that after the death of Michael Crowe, deceased, John V. Crowe and Albert J. Crowe, his sons, commenced doing business as Crowe Bros., and thereupon paid the interest on the said principal note as the same became due, by means of checks drawn by them upon the account of Crowe Bros., and that from the facts and circumstances proven "Maria Crowe, trustee, must have known of said payments and acquiesced therein;" that commissioners be appointed to make partition of the premises in question, if it be found susceptible of partition. It was further decreed "that said note and trust deed constitute and are a valid subsisting first lien upon the said lot 3 and the north ten feet of lot 4 in Ogden's addition to Chicago, Cook county, Illinois, last aforesaid described." This property is the same as described in the trust deed. To so much of the decree "as relates to the lien of said trust deed the complainants object," but from that decree no appeal was prayed.

The commissioners appointed by the decree of March 6 reported that partition of the real estate could not be made, and appraised the same. March 20 an order of sale was entered, by which the master was ordered to sell all of said real estate free of liens, etc. This order again found that Grace Kennedy had a valid lien on said lot 3 and the north ten feet of lot 4 in Ogden's addition, and that there is now due on the note and trust deed the sum of $4274, and ordered said premises to be discharged of said lien, and that the master, out of the proceeds of said sale, pay Grace Kennedy the amount found due her. To this order of March 20 the

prayer of the appeal concludes: "To the foregoing paragraph of said order relating to the amounts due Grace Kennedy, and the lien thereof and right thereto, and the order requiring the master to pay to her the same out of the proceeds of said sale, the complainants, and defendant Maria E. Crowe, by her guardian *ad litem,* object, and pray an appeal to the Appellate Court," etc. The Appellate Court affirmed the decree of the superior court, and the cause was thereupon appealed to this court.

JAMES R. WARD, and LESTER E. LEE, (ANDREW J. CORCORAN, guardian *ad litem,*) for appellants.

C. A. COOLIDGE, E. F. COMSTOCK, and E. M. ST. JOHN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

If the decree of March 6, 1905, was a final decree and settled the merits of the controversy as to whether the trust deed was still a valid and enforceable lien on the property therein described, then this appeal does not bring before us that decree and the matters therein and thereby decided, but only the decree of March 20, from which the appeal was prayed and perfected. This court in *Gray* v. *Ames,* 220 Ill. 251, held that a decree was final which fully decided and disposed of the entire merits of the case; that it would be final if it were the last decree necessary to be entered to give the parties the full and entire benefit of the judgment of the court, though some other order or decree of the court may be necessary to carry into effect the rights of the parties or some incidental matter may be reserved for consideration, which decision, either one way or another, cannot have the effect of altering the decree by which the rights of the parties have been declared. In *Jackson* v. *Jackson,* 144 Ill. 274, it was held that a decree in a suit for partition which found the several interests of the parties and appointed commissioners

to make partition was a final decree, though no partition was ever made. In *Glos* v. *Clark*, 199 Ill. 147, we held that the portion of the partition decree which declares the title of the parties is a binding and appealable order, notwithstanding commissioners were appointed to make a partition and report, but that the portion of the decree which orders an accounting is interlocutory only, and not a final, appealable order; that various other orders were merely for the purpose of executing the decree, and that the decree of partition terminated the litigation between the parties, so that if affirmed nothing remained to be done but to carry the decree into execution.

The decree of March 6 found that the lien of the trust deed was not barred by the Statute of Limitations; that it was still valid and enforceable. It closed all these matters for further consideration, except on appeal directly from that decree. It settled all the rights of the parties, except in the mere matter of detail as to whether the property was susceptible of partition. Every assignment of error in this court by appellants is in reference to the findings of the decree of March 6. It is true that their assignments 6 and 7 refer specifically to the decree of March 20; but the findings complained of on this last decree (except as to the amount due as principal and interest of said notes) are simply repetitions of the former findings of the decree of March 6. That decree finally adjudicated the rights and interests of the parties, and as this appeal is only from the decree of March 20, the findings under the final decree of March 6 cannot be here reviewed. *Adamski* v. *Wieczorek*, 170 Ill. 373; *Crane* v. *Stafford*, 217 id. 21; *Stahl* v. *Stahl*, 220 id. 188; *Hill* v. *Chicago and Evanston Railroad Co.* 140 U. S. 52; *Shepard* v. *Rice*, 38 Mich. 556; *Pierce* v. *Oliver*, 13 Mass. 210.

The assignments of error which question the finding of the amount due by the decree of March 20, 1905, are without merit, as the proof clearly showed that the interest had only been paid to January 26, 1904, and that all of the principal

was still due and unpaid. The court, under this order, had a right to direct the master to sell the land described in the trust deed and pay appellee Grace Kennedy out of the proceeds of the sale the amount found due her. *Spencer* v. *Wylie,* 149 Ill. 56.

Appellants have discussed exhaustively in their briefs, with the citation of many authorities, various questions which it is unnecessary to consider in view of our holding that the decree of March 6, 1905, settled the rights of the parties under the questions here involved, and that that decree cannot be reviewed on this appeal.

We find no material error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*