SCOTT STOLLARD, Appellant, *vs.* WILLIAM E. NYCUM *et al.* Appellees.

*Opinion filed June 16, 1909.*

1. PARTITION—*statutory requirement as to apportionment of solicitor's fee.* Under section 40 of the Partition act, when the rights and interests of all the parties in interest are properly set forth in the bill the court is required to apportion the costs, including a reasonable solicitor's fee, among the parties in interest, unless a good and substantial defense is interposed.

2. SAME—*what is not a failure to correctly set forth interests of the parties.* If a bill for partition sets forth the rights and interests of the parties exactly as they are found by the decree, the fact that the complainant failed to allege that he had been for a time in possession of the greater part of the land does not affect the sufficiency of the allegations as to the interests of the parties, since complainant's liability to account to his co-tenant for rents and profits is not an essential part of the partition suit.

3. SAME—*what is not ground for refusing to apportion solicitor's fee.* Failure of a partition bill to aver that the small interest in fee taken by the complainant under the life tenant's will is subject to the payment of her debts and failure to make the complainant a party as executor of the life tenant's will do not justify a refusal to apportion solicitor's fees, where the objection was not made by the defendants until after the sale had been made under the decree and where it does not appear but that the personal assets in the complainant's hands as executor will be sufficient to pay the claims.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

BALDWIN & STRINGER, for appellant.

EDWARD G. KING, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is prosecuted by the complainant in a bill for partition filed in the circuit court of Logan county from a judgment of the Appellate Court affirming the de-

cree of the circuit court, and brings in question only the
action of the latter court in refusing to tax a solicitor's fee
as costs and apportion it among the parties in interest.

The real estate involved consisted of 456 acres of farm
land and some lots in the city of Lincoln, of all of which
(except an undivided interest amounting to 2.35 acres, of
which she owned the fee,) Mary Stollard, the widow of
John Stollard, was a life tenant under the will of her de-
ceased husband, John Stollard, the remainder having been
devised to their children.

The original bill, which was filed in the lifetime of Mrs.
Stollard, properly set forth the rights and interests of all
the parties in interest. Subsequently Mrs. Stollard died on
June 1, 1907, leaving a will, by which she devised her in-
terest in fee to the complainant, and he remained in pos-
session of a large part of the land of which he had during
her lifetime been in possession as her tenant. The only
change in the interests of the parties thus effected was the
transfer of Mrs. Stollard's small interest in the fee to the
complainant, and on July 16, 1907, this change was set forth
in an amended bill, which properly set forth the rights and
interests of all the parties in interest. An answer was filed
to the amended bill, alleging that complainant, having been
in possession of said lands since Mary Stollard's death, was
liable to account for the rents and profits, and a cross-bill
was filed praying for an accounting. A demurrer was sus-
tained to the cross-bill. The bill was afterward amended
so as to allege complainant's possession of part of the farm
lands and his liability to account for the use and occupation
thereof. At the September term a hearing was had, and
on November 16, 1907, a decree of partition was rendered,
finding the interests of the parties as alleged in the amended
bill and requiring the complainant to account for $1188.60
as rents and profits from the date of his mother's death,
June 1, 1907, to March 1, 1908. The commissioners being
unable to divide the premises, a decree of sale was entered,

the premises were sold and the proceeds were brought into court for distribution. Then two of the defendants filed a cross-bill alleging that the claims against the estate of Mary Stollard, together with the costs, would probably exceed the personal property and it would be necessary to resort to her interest in the real estate to pay them, and praying the court to direct the proceeds of the sale of her interest to be paid to complainant, as her executor. The court, in the decree of partition at the previous term, had found that the executor had ample funds from the personal estate to pay all debts. The complainant answered the cross-bill, denying its averments but consenting to an order in accordance with its prayer. The court found that it might become necessary to resort to the real estate of the said Mary Stollard to pay the debts of said estate, and ordered the former decree amended so as to direct the payment of the proceeds of the interest of Mary Stollard to Scott Stollard, her executor. The court overruled the complainant's motion for an allowance of solicitor's fees.

Section 40 of chapter 106 of the Revised Statutes requires the apportionment of costs, including a reasonable solicitor's fee, among the parties in interest in partition suits, so that each shall pay his equitable proportion, when the rights and interests of all the parties in interest are properly set forth in the bill, unless a good and substantial defense shall be interposed. In this case the rights and interests of all the parties were properly set forth in the bill exactly as they were ascertained by the decree. The only objection raised by the answer was that the complainant was in possession of the greater part of the land,—a fact which was not alleged in the bill. The fact did not, however, affect his interest or that of his co-tenants in the land. Whether he was, or they were, in or out of possession, their respective interests in the land remained the same. He happened to be in possession under the life tenant at the expiration of her estate, and had remained in

possession a few days when he amended his bill to show the expiration of that estate. So long as he remained in possession he would be liable to account to his co-tenants. But such accounting had no necessary connection with the partition of the land. It was a mere incident which might be brought into the suit if any party desired it, but was no essential part of it and might be had entirely apart from the partition.

It is now insisted that the bill did not properly set forth the interests of the parties because it did not allege that the interest taken by complainant under his mother's will was subject to the payment of her debts, and because he was not made a party as executor of his mother's will. An executor or administrator is not a necessary party to a bill for the partition of real estate. He has no interest in the real estate, and, if there are sufficient assets for the payment of debts, no power over it. The parties making this objection were original defendants to the bill and joined in the original answer, yet no such objection was made, and the court found that there were ample funds in the hands of the executor to pay all debts of the estate. After the decree of partition and of sale, and after sale made, this objection was first advanced. The evidence does not bear out the allegations of an insufficiency of personal assets.

There was no controversy, in a legal sense, in this case. True, the parties could not agree on a partition; but this is not surprising, since the commissioners reported the property not susceptible of division without great injury. They could not agree upon or unite in a sale, but they were under no obligation to do so. No indication of any adverse interest or claim among the co-tenants appears except as to the rental value of the land, for which appellant is held to account. This was a matter which did not affect the partition of the lands. Everything that was done by complainant's solicitors was for the benefit of all in securing a just and fair partition of the land or a sale which would secure

to the owners its full value. No reason is shown why it is not equitable to apportion a solicitor's fee ratably among the parties in interest as a part of the costs.

The judgment of the Appellate Court and decree of the circuit court are reversed and the cause remanded to the latter court.

*Reversed and remanded.*