### Delia O'Connor Griffith, Appellee, v. Samantha J. Prather, et al., Appellants.

1. PARTITION—*solicitor's fees.* Solicitor's fees should not be taxed as costs in a partition proceeding where the rights of the complainants and defendants are not properly set forth in the bill of complaint and when the complainant had joined herself as administrator of her husband's estate claiming a right to have the entire premises sold, thus necessitating the hiring of counsel by the defendants to protect their interests, and where it further appears that the proceedings were not amicable.

Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed April 11, 1912.

HAMILTON & CATRON, for appellants.

TIMOTHY McGRATH, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

James L. Griffith died January 28, 1890, leaving surviving him six children. Through conveyances made by several of his children and by reason of the death of others, complainant and defendants became the owners of all of his real estate. Complainant, in her own right and as administrator of the estate of Clifton J. Griffith, her deceased husband, filed this bill for partition of the estate. Her husband owned an undivided interest in the real estate of his father, and having died intestate, without lineal descendants, complainant inherited one-half of his interest in James L. Griffith's estate with dower in the other half of his interest in that estate. Under a decree for partition the land was divided. On complainant's motion, the court afterwards ordered a solicitor's fee of one thousand dollars taxed as costs, to be paid with the other costs by the parties interested, in proportion to their interest in the estate.

No question is raised by this appeal as to the rights or interests of the parties as found by the partition decree and no appeal was taken therefrom; this appeal is only from the decree directing a solicitor's fee to be taxed as costs and ordering it be paid by the parties, in proportion to their interests.

James L. Griffith died seized of lands in Sangamon County and with an interest in contracts for the purchase of real estate in Washington. Clifton J. Griffith, the husband of complainant, died January 26, 1910, without leaving sufficient personal estate to pay his indebtedness.

Complainant's bill was filed both for the purpose of a partition of the estate of James L. Griffith and to obtain sufficient funds with which to pay the indebtedness against her husband's estate.

Among the conveyances made by and between the heirs of James L. Griffith was one of date July 18,

1896, made by Fannie Griffith Hunter to Clifton J. Griffith, Lillie Griffith Fawcett and Josephine B. Griffith, this deed was in form a warranty deed, and while purporting to convey all interest of Fannie Griffith Hunter at that time in the estate of James L. Griffith, was given to secure a debt owing by Fannie Griffith Hunter to the grantees.

This indebtedness was afterwards paid, and thereupon Fannie Griffith Hunter was entitled to a release of this conveyance. Prior to the time of the filing of this bill, complainant's solicitor was advised of the circumstances, conditions and purpose of this conveyance, that it was intended as a mortgage, and that the indebtedness had been paid and that deeds had been made by Lillie Griffith Fawcett and Clifton J. Griffith attempting to release the indebtedness and reinvest Fannie Griffith Hunter with the interest she had so conveyed, Josephine B. Griffith having died intestate, but that an error had been made in these deeds and they did not reinvest her with her proper interest in the estate. Complainant's solicitor, although informed of these circumstances, did not mention them in the bill or seek a proper adjustment thereof.

The bill set forth that complainant, Delia O'Connor Griffith, was the owner of and entitled to receive as her share in the estate one hundred thirty-three seven hundred twentieths (133/720) in fee, and a dower interest in one hundred thirty-three seven hundred twentieths (133/720); that Fannie Griffith Hunter was seized in fee of fifty-nine one hundred ninety-seconds (59/192), of which one hundred thirty-two seven hundred fifty-seconds (132/752) was subject to the dower interest of complainant.

The decree does not find the interests of the parties as set forth in the bill, but finds that complainant, instead of having dower in one hundred thirty-three seven hundred twentieths (133/720) is entitled to dower in one hundred thirty-three three hundred sixti-

eths (133/360); and that instead of one hundred thirty-two seven hundred fifty-seconds (132/752) of the interest of Fannie G. Hunter being subject to dower interest of complainant only one hundred thirty-three twenty-eight hundred eightieths (133/2880) is subject to her dower. The court also found the deed from Fannie Griffith Hunter to Clifton J. Griffith and others to have been a mortgage and held the conveyances from Lillie Griffith Fawcett and Clifton J. Griffith to be but releases of this mortgage, and that Fannie Griffith Hunter should be reinvested with her interest in the estate the same as though the deed from her and the conveyances back had not been made.

Complainant began this partition proceeding and joined herself as administrator of her husband's estate as party complainant upon the theory that it was necessary that the property belonging to the estate of James L. Griffith in which the defendant held undivided interests should be sold in order to make a final settlement of her husband's estate, and her solicitor so informed defendants in conversations had with them. Defendants did not desire to have their interests in the estate sold, but desired to keep the same in kind, and so informed complainant's solicitor, and for the purpose of protecting their interest therein and preventing a sale of their interests they employed counsel at their own expense and filed their answers setting forth the facts, and complainant thereafter amended her bill.

An examination of the record discloses that throughout the entire proceeding, complainant's counsel represented her alone, and that he not only did not properly set out their rights in the bill but that he was at all times actively engaged in furthering complainant's interests regardless of the rights and desires of the defendants.

It was the intention of complainant to secure a sale of the premises in the partition proceeding, and it was

only through the advice of their counsel that defendants were informed that they could prevent a sale of their interests in the premises and have their interests set off to them jointly, and after ascertaining that this could be done, a written agreement was entered into by them requesting that their interest be not divided but be set off to them jointly; and their request was granted in the decree.

After the decree of partition had been entered, on motion of complainant's solicitor, the cause was referred to the Master in Chancery for the purpose of taking evidence concerning the question of a solicitor's fee; the Master reported to the court that complainant was entitled to a solicitor's fee and found that one thousand dollars would be a reasonable fee for the services performed. Objections were filed to this finding of the Master and urged in the court as exceptions to his report. They were overruled and complainant's solicitor's fee fixed at one thousand dollars. The Master also found that the rights and interests of the complainant and defendants were properly set forth in the bill of complaint; this finding is contrary to the decree of partition rendered by the Chancellor, and the exceptions to this finding should have been sustained.

While the Supreme Court hold in Stollard v. Nycum, 240 Ill. 472, that where the rights and interests of the parties are properly set forth in the bill of complaint, and defendants are not required or compelled to employ counsel and file an answer to protect their interests, and the proceedings are amicable, so that the rights of all parties will be taken care of without the employment of counsel to protect their interests, complainant is entitled to have a solicitor's fee fixed to be taxed as costs to be paid by the parties in proportion to their interests in the estate, it has also held in McMullen v. Reynolds, 209 Ill. 504, that where the proceedings are not amicable, the rights of the parties not properly set forth in the bill of complaint and defend-

ants are required to employ counsel to protect their rights and present a substantial defense, then the court should not allow a solicitor's fee to be taxed as costs.

Upon examination of this record, we are forced to the conclusion that the attitude of complainant and her counsel has been, from the inception of this cause, hostile to the interests and rights of the defendants in these premises, and that had defendants not employed counsel to represent them, that their interests would not have been protected; and under such conditions it is error for the court to decree that a solicitor's fee be taxed as costs.

This cause was argued orally in this court, and the attitude taken by complainant's counsel here and his remarks and references concerning opposing counsel were not such as to impress this court with the idea that he was acting fairly and impartially and for the interests of all parties in this proceeding.

For the reasons (1) that the rights of complainant and defendants were not properly set forth in the bill of complaint, (2) that the attitude of complainant and her solicitor have been hostile to the rights and interests of the defendants to such an extent that they were required to employ counsel to defend their rights and did present a substantial defense to this bill, and (3) the fact that the proceedings have not been amicable, we are of the opinion that no solicitor's fee should have been taxed as costs in this proceeding, and that the Chancellor erred in ordering such fee to be taxed, and directing defendants should contribute to its payment.

The decree ordering and directing that a solicitor's fee be taxed as costs is reversed and the cause remanded with directions to the Chancellor to deny complainant's motion to tax a solicitor's fee as part of the costs.

*Reversed and remanded with directions.*