JULIA HYNES, Defendant in Error, *vs.* HELEN J. JENNINGS *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1914—Rehearing denied April 9, 1914.*

1. PARTITION—*when accounting provision of decree is merely interlocutory.* A decree for partition which finally settles and adjudicates the rights of the parties in the property and the right to partition thereof is subject to review on appeal or writ of error, but the accounting provision of the decree is merely interlocutory and is not before the court, where the question of accounting was reserved *in toto* by the decree and re-referred to the master for further evidence and further consideration.

2. SAME—*what is not an agreement by heir not to bring partition suit.* In the absence of special equities the court will not decree a partition in favor of the complainant, as against the objection of the other heirs, if the complainant has agreed with them that the estate shall not be partitioned; but a mere statement by the complainant, in the presence of one of the heirs, that she did not want a partition suit started does not amount to such agreement and does not bar her suit.

3. SAME—*proving up solicitor's fee before master and before decree is not approved practice.* The practice of proving up the complainant's solicitor's fee, in a partition proceeding, before the master in chancery and before there has been any decree for partition or adjudication of the rights of the parties is not approved.

4. SAME—*general rule as to taxing the complainant's solicitor's fee as costs.* Where the bill for partition correctly sets up the rights and interests of the parties, and the suit is an amicable one, the statute authorizes the taxing of complainant's solicitor's fee as costs; but when the proceeding is hostile, so that defendants are obliged to employ counsel to protect their interests, and a sub-

stantial, even though unsuccessful, defense is made, such fee should not be taxed as costs.

5. SAME—*effect where the only substantial defense is on the accounting provision of the bill.* If the complainant makes an accounting from the defendants a necessary part of her partition suit and seeks an accounting for items, some of which are barred by the Statute of Limitations and others denied in good faith by the defendants, whose interests are sought by the bill to be subjected to a lien for the amounts found due and who are obliged to employ counsel, it is inequitable to tax the complainant's solicitor's fee as costs, even though the defendants made no substantial defense to the partition of the land in accordance with the averments of the bill. (*Stollard* v. *Nycum,* 240 Ill. 472, distinguished.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

DANIEL W. SCANLAN, and D. P. PENNYWITT, for plaintiffs in error.

THOMAS J. O'HARE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error, Julia Hynes, filed her bill in the circuit court of Cook county for partition and for an accounting. The land sought to be partitioned is lot 23, block 44, in S. E. Gross' Fourth addition to Dauphin Park, being a subdivision of a tract of land particularly described in the bill; lot 42, block 6, in Archer's addition to Chicago, (a subdivision of a tract of land described,) referred to in the briefs as the Twenty-fourth street property, the property being improved by a two-story brick flat-building and rented to tenants; lots 35 and 36, block 10, in Johnson & Clements' subdivision of a certain tract of land described, referred to in the briefs as the Vernon avenue property, there being an eight-room frame house on this property; and lot 5, block 2, in Oakwood addition to the city of Elgin, this lot being improved with a cottage occupied by tenants. The Elgin property belonged, in her lifetime, to Josephine Jen-

nings. She died intestate September 10, 1889, and left surviving her James M. Jennings, her husband, and Helen J. Jennings, Ada M. Jennings, (now Magner,) Josephine M. Jennings, (now Langdon,) James P. Jennings, Charles Jennings and defendant in error, her children and heirs-at-law. Each of said children inherited an undivided one-sixth of said lot from their mother, subject to the dower rights of the surviving husband. The bill alleges that on July 3, 1905, all of the children of Josephine and James M. Jennings, except complainant in the bill, conveyed their interest in the Elgin property to their father, James M. Jennings, whereby he became the owner of five-sixths of said property as tenant in common with complainant, who retained her one-sixth interest in the property. James M. Jennings also owned in his own right the Vernon avenue property, the Twenty-fourth street property and the Dauphin Park property. The bill alleges he died intestate October 17, 1911, leaving Helen J. Jennings, Ada M. Magner, Josephine M. Langdon, James P. Jennings and the complainant as his only children and heirs-at-law. It is not so alleged in the bill, but the master reported and the proof showed Charles Jennings died June 18, 1911, never having been married, and leaving his father, brother and sisters as his only heirs-at-law. The bill alleges that upon the death of James M. Jennings each of his five surviving children inherited from him the undivided one-fifth of the real estate owned by him at the time of his death, which would make the interest of complainant in the Elgin property one-third and the interest of each of her three sisters and her brother one-sixth, and the interest of each of said five children in the other three pieces of property described in the bill an undivided one-fifth, and partition is asked upon that basis. The family residence, as we understand, was the Vernon avenue property, which was improved with an eight-room house. There was a cottage on the Elgin lot, and the property appears to have been rented to tenants.

There was a two-story brick flat-building on the Twenty-fourth street property, and it also was rented to tenants. The Dauphin Park property was a vacant lot. The bill alleges that James M. Jennings was continuously in possession of the Elgin property from the death of his wife until his death, and during all that time collected the rents and profits from it but neglected and failed to account to complainant for any part of said rents and profits; that from the date of the death of said James M. Jennings defendant James P. Jennings had collected and received the rents and profits from the Elgin property and the Twenty-fourth street property but had failed to account to complainant for any share thereof. In addition to the prayer for partition the bill prays that an accounting be taken with Helen J. Jennings, Ada M. Magner, Josephine M. Langdon and James P. Jennings of the rents, issues and profits received and collected by James M. Jennings subsequent to the death of his wife, Josephine Jennings, from the Elgin property, and that the amount found due complainant, "at least to the extent of their inheritance of and from the said James M. Jennings, deceased," be made a lien upon the interests of her said brother and sisters in proportion to their respective shares and interests in the real estate described, and in the event it cannot be partitioned, that said amount be deducted from the proceeds of the sale of the shares of complainant's said brother and sisters; also that an account be taken with James P. Jennings for the rents, issues and profits of the Twenty-fourth street property, and that the amount be made a lien upon said James P. Jennings' interest in the property sought to be partitioned or deducted from the sale of the proceeds of his interest; also that an accounting be had with Helen J. Jennings, Ada M. Magner and James P. Jennings for the rental value of the Vernon avenue property, and the amount found due complainant be made a like lien against their interests in the property sought to be partitioned or

paid out of the proceeds of the sale in the event it cannot be partitioned. James P. Jennings was appointed and qualified as administrator of his father's estate, and he is made defendant to the bill as heir and also as administrator of said estate. The bill alleged that the personal property left by James M. Jennings, whose estate at the time the bill was filed was in course of administration, was sufficient to pay an award of $1000 made to Helen J. Jennings and the debts and costs of administration.

The defendants jointly answered the bill and denied the complainant was entitled to the relief prayed or any part thereof. The answer averred that one year had not elapsed since the granting of letters of administration; that the personal estate of James M. Jennings was insufficient to pay the funeral expenses, award of Helen J. Jennings and other claims filed or that may be filed and allowed, and that a large portion of the real estate will be required to be sold to pay debts. The answer also averred that complainant had promised and agreed with defendants not to bring a suit for partition, but in violation of said promise and agreement she instituted the suit.

The cause was referred to a master in chancery to take testimony and report his conclusions of law and fact. While the testimony was being taken before the master, the defendants obtained leave and amended their answer, pleading and setting up the five year Statute of Limitations against the claim of the complainant for rents collected by James M. Jennings, in his lifetime, from the Elgin property. The master found and reported that after the death of his wife James M. Jennings collected the rents from the Elgin property until his death; that James P. Jennings was appointed and qualified as administrator of James M. Jennings' estate in October, 1911; that certain claims had been filed and allowed against the estate; that James P. Jennings had collected the rents from the Elgin property and the Twenty-fourth street property since the death of

his father and should account to complainant for her share thereof; that James P. Jennings and his sisters, Helen J. Jennings and Ada M. Magner, had occupied the Vernon avenue property since the death of their father and should account to complainant therefor; that for the services performed by complainant's solicitor to the time the report was made, and for services necessary to be performed in the final completion of the proceeding, he would be reasonably entitled to a solicitor's fee of $750. The master further reported that the proof supported the allegations of the bill and recommended that the prayer thereof be granted.

The chancellor overruled all exceptions filed by defendants to the report and found the interests of the parties in the property were correctly set up in the bill, and that the property of James M. Jennings was inherited by his children subject to liability for the payment of his debts, if his personal estate was insufficient. The decree found the amount of claims allowed against the estate of said James. M. Jennings, and that there was a deficiency in the personal estate of $404.51, which might be satisfied by the sale of the Elgin property or the vacant lot known as the Dauphin Park property. The decree further found defendant James P. Jennings had collected the rents from the Twenty-fourth street property and the Elgin property since the death of his father and should be required to account to complainant therefor; that the Vernon avenue property had been occupied by Helen J. Jennings, Ada M. Magner and James P. Jennings since the death of their father and they should be required to account to complainant therefor. The decree further found that James M. Jennings collected the rents from the Elgin property from July 3, 1905, "and the court finds, without objection from complainant, that his administrator should account for such rents, issues and profits for a period of five years next prior to the death of James M. Jennings, as aforesaid, and no further." The decree further finds none of defendants had interposed any good

or substantial defense; that a fair and reasonable fee for complainant's solicitor for services rendered and to be rendered was $750; that the same should be taxed as costs and paid by the parties according to their respective interests in the property as found by the decree. Partition is decreed as prayed in the bill and commissioners are appointed to make the partition, but the decree recites "that the matter of the accounting * * * should be reserved for the further consideration of said master and of this court." The decree concludes that the accounting "is *in toto* reserved for the future consideration of this court," and to that end it is ordered that the accounting be referred to the master to take an account of the rents, with directions to take further evidence and to consider such evidence as has already been taken, and to report to the court for its further consideration, and action. James P. Jennings, individually and as administrator, Helen J. Jennings and Ada M. Magner sued out a writ of error to the Appellate Court for the First District to review the decree, and the record has been transferred to this court on the ground that a freehold is involved.

Defendant in error has filed a motion to strike certain pages from the transcript of the record on the ground that they were not, and could not be, made a part of the certificate of evidence. The parts sought to be stricken set out a copy of a petition filed by James P. Jennings with the master in chancery requesting him to postpone taking evidence until the administration of the estate of James M. Jennings was closed. The master denied the petition. Also a statement by James P. Jennings of an account of rents received by him and disbursements made, and a copy of exceptions filed by defendant in error before the master to said account. In the view we take of the case these matters are unnecessary to the consideration of any assignments of error relied upon in the brief of plaintiffs in error which are open to our consideration, but as they cannot affect the

decision of the case one way or the other the motion to strike will be denied.

While other errors have been assigned, the only errors discussed in the brief of plaintiffs in error which can be considered are whether the court erred in decreeing partition of the premises and in awarding a solicitor's fee to complainant's solicitor of $750, to be paid by all the parties in proportion to their respective interests in the premises. The question of the accounting is not before us for decision at this time. That question was by the decree *"in toto* reserved for the future consideration" of the chancellor, and it was referred to the master with instructions to consider the evidence already taken and to take further evidence and report to the court for its further consideration and action. The decree, therefore, as to the accounting is interlocutory and not appealable. (*Glos* v. *Clark,* 199 Ill. 147; *Quayle* v. *Guild,* 91 id. 378; *Stahl* v. *Stahl,* 220 id. 188.) The decree for partition finally settled and adjudicated the rights of the parties in the property and the right to the partition thereof, which is subject to review upon appeal or writ of error.

It is contended by plaintiffs in error that defendant in error promised and agreed not to commence any proceeding for the partition of the land, and that the decree was erroneous in ordering partition. It has been held that where several tenants in common covenant among themselves that an estate shall not be partitioned but shall be held and enjoyed in common, a court will not, in the absence of special equities, award partition at the suit of one tenant in common against the objections of the others. (*Hill* v. *Reno,* 112 Ill. 154.) But we think the proof here utterly fails to establish that any such agreement or covenant was made by defendant in error. The proof on this subject is the testimony of James P. Jennings. He testified to having a talk with defendant in error in her attorney's office about what was the best thing to do with the prop-

erty, when she said that she did not want a partition suit started,—that she wanted to settle the best way and with the least expense possible. This falls far short of an agreement among the parties that there should be no partition of the premises.. The fact that she did not want a partition suit started, and so expressed herself, was no bar to her right to apply for partition at any time she so desired. There was no error in decreeing that she was entitled to partition.

Complainant's solicitor testified before the master as to what services he had rendered in the case up to that time and that he expected to attend to whatever was further necessary to be done until the conclusion of the case, and that, assuming the property was worth $13,500, his services were reasonably worth from $750 to $1000. He also called two Cook county lawyers to testify upon the same question. One of them testified a reasonable fee would be from $750 to $800, and the other $750 to $900. The court decreed that a fee of $750 be taxed as costs and paid by the parties in proportion to their respective rights in the property, and that it be made a lien upon all of said property. Proving up a solicitor's fee before the master before there had been any decree for partition or adjudication of the rights of the parties is a practice with which we are not familiar and one we cannot approve. But we think there is a more substantial objection than this to the allowance of a solicitor's fee for complainant's solicitor and taxing it as costs against all the parties. The question when a court is authorized, under the statute, to tax a fee for complainant's solicitor as costs in a partition suit has frequently been before this court. The rule to be deduced from the decisions is, that when the bill correctly sets up the rights and interests of the parties, and the suit is an amicable one, the statute authorizes the taxing of a fee; but where the complainant's attitude towards the defendants is hostile, so that defendants are required to employ counsel to protect their

interests, it would be inequitable to make them also pay complainant's solicitor. Where the bill properly sets up the rights and interests of the parties, defendants cannot defeat the assessment of a solicitor's fee as costs by a merely formal, frivolous or vexatious defense. It is not essential to defeat the assessment of a solicitor's fee that the defense should be sustained, but it must be a substantial defense. The bill in this case correctly set out the description of the property and the interests of the parties therein. There was no basis for the defense made in the answer that defendant in error had promised and agreed not to apply for partition and for that reason was not entitled to the relief prayed. That attempted defense may properly be denominated as frivolous. But the bill prayed that Helen J. Jennings, Ada M. Magner, Josephine M. Langdon and James P. Jennings be required to account for the rents received by James M. Jennings in his lifetime, "and subsequent to the death of said Josephine Jennings, deceased," and that a decree for said amount be entered against the parties named, in favor of complainant in the bill, "at least to the extent of their inheritance of and from the said James M. Jennings, deceased," and that the amount found due complainant be made a lien upon the interests of the defendants in proportion to their respective shares and interests in the property and the same be sold to satisfy such lien, or, in case the property could not be partitioned, that the amount so found due be deducted from the shares of said defendants and paid over to complainant. Defendants denied James M. Jennings had collected rent from the premises, as alleged, and failed to account therefor, denied complainant was entitled to any of the relief prayed in her bill, and set up and relied upon the five year Statute of Limitations against the rents alleged to have been collected by James M. Jennings after the death of his wife, in 1889. The answer of defendants also alleged that after the death of his wife James M. Jennings had made extensive im-

provements and expended large sums of money upon the property from which the bill alleged he had collected rents. Plaintiffs in error appear to have been acting in entire good faith in defending against the right claimed by defendant in error to charge them with rents collected by their father from the Elgin property since 1889, and to take their interest in the property sought to be partitioned, or a sufficient amount thereof, to pay defendant in error her interest in said rents. It became necessary for them to employ counsel in making their defense. They interposed no meritorious defense against the partition, but the denial of the right of defendant in error to take their property for rents alleged to have been received by their father for a period of more than twenty years cannot be said to be merely frivolous or vexatious. In making their defense they necessarily incurred obligations in the employment of counsel, and it would be inequitable to require them also to pay a part of the fee of the solicitor of the defendant in error. *McMullen* v. *Reynolds,* 209 Ill. 504; *Jones* v. *Young,* 228 id. 374.

The question when it is proper to tax complainant's solicitor's fees as costs in a partition suit was discussed at length and the previous decisions were reviewed in *Mc-Mullen* v. *Reynolds, supra.* Defendant in error relies upon *Stollard* v. *Nycum,* 240 Ill. 472, but that case does not support her contention. There the widow of the ancestor from whom the parties inherited the land sought to be partitioned had a life estate in it and the complainant was her tenant. After her death he filed the bill for partition and correctly set up the rights and interests of the parties. Defendants answered the bill, alleging the complainant had been in possession of the land since the death of the life tenant and was liable to account for the rents and profits. They also filed a cross-bill praying for an accounting. A demurrer was sustained to the cross-bill, and complainant's bill was so amended as to allege his possession of the land

and his liability to account for its use and occupation. A decree for partition was rendered and complainant required to account for $1188.60 as rents. The premises could not be divided and a decree for sale was entered and the premises were sold. The trial court refused to allow a solicitor's fee for complainant's solicitor and tax the same as costs, and upon this question the case came to this court. We held there was no controversy, in a legal sense, in the case; that the accounting had no necessary connection with the partition of the land but was a mere incident which might be brought into it if any party so desired, and that it was a proper case for the assessment of the solicitor's fee as costs. In the case before us the bill made the accounting a necessary part of the suit in asking that an accounting be had and the amount found due complainant paid out of defendants' interest in the property. As the accounting is still *in fieri,* it cannot be known which of the parties will succeed, but it is clear that there is an honest difference between them affecting their ultimate rights in the property. It is true, the decree recites that the finding that the administrator should account for the rents for a period of five years next prior to the death of James M. Jennings was made without objection from complainant, but this did not occur until after plaintiffs in error had employed counsel and proof had been taken before the master, in which defendant in error proved the collection of rents by James M. Jennings as far back as 1892.

The decree for partition is affirmed but that part of it taxing defendant in error's solicitor fee as costs is reversed. One-half the costs of this writ of error will be taxed to plaintiffs in error and one-half to defendant in error.

*Affirmed in part and reversed in part.*