Clarabelle Peterson, Plaintiff-Appellee, v. Glenn L. Kamp, and Katie Kamp, Defendants-Appellants.

**Gen. No. 11,173.**

Second District, First Division.

September 9, 1958.

Released for publication September 26, 1958.

Black, Black & Borden, of Peoria, for defendants-appellants.

Edward E. Haugens, of Toluca, and Galbraith & Baymiller, of Peoria, for appellee.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

On January 21, 1957, Clarabelle Peterson filed in the Circuit Court of Marshall County her verified complaint consisting of two counts making her brother, Glenn L. Kamp and her mother, Katie, parties defendant. The first count was the usual petition for partition and alleged that the father of the plaintiff and defendants, Louis C. Kamp, died intestate on February 11, 1934, leaving his widow Katie Kamp and his children Clarabelle Kamp now Clarabelle Peterson then eight years of age and Glenn L. Kamp then twenty years of age, his children and his sole and only heirs at law him surviving.

This count of the complaint then alleged that the estate of the said Louis C. Kamp was duly administered in the county court of Marshall County; that the real estate of which he died seized was inventoried; that the estate was solvent and all claims, debts and costs of administration had been fully paid. This count then alleged that at the time of his death the said Louis C. Kamp was the owner of certain described real estate in Marshall County upon which at the time of his death he resided with his said wife and children; that after his death his wife and children continued to reside upon said premises and his wife, Katie Kamp, therefore, has a homestead estate therein. It was then alleged that the premises were free and clear of liens and encumbrances; except the homestead estate of Katie Kamp and except for the taxes of 1956 payable in 1957. It was then alleged that at the time the complaint was filed the premises were in the possession of the defendants or one of them.

The prayer of this count of the complaint was that the homestead estate of Katie Kamp be set off to her; that a proper division and partition of the premises be made assigning to each one-third thereof; that proper commissioners be appointed to make partition and if that could not be done that the premises be appraised and sold and the proceeds divided among the owners of the premises according to their respective rights and interests as determined by the court.

The second count realleged many of the allegations contained in count one and prayed for an accounting from the time of the death of Louis C. Kamp. This count averred that all of the parties to this proceeding resided upon said premises at the time of the death of Louis C. Kamp and until May 1943 when the plaintiff, Clarabelle Peterson moved to Peoria where she lived until March 1944 at which time she moved back to her mother's homestead where she continued to live until the month of May 1954 at which time she married and since then has resided elsewhere.

The second count then alleged that the defendant Glenn L. Kamp, since the death of his father, has farmed all of the described premises, collected all rent, income, issues and profits therefrom and has deposited the proceeds thereof in his own separate bank account and has paid therefrom all of the taxes, insurance and expense of farming operations. It is then alleged in this count that plaintiff during the time she resided on said farm worked in the house and in the fields and since May 1954 she and her husband have worked on the farm and in the fields at planting and harvesting time and at other times when help was necessary; that the only income plaintiff has received from the farm has been arbitrary amounts given to her by her brother Glenn L. Kamp which amounted to $200 or $300 per year during the past few years; that Glenn L. Kamp has never accounted to the plaintiff for said

rents and income and has never paid to her an equitable share thereof. It was further alleged that Glenn L. Kamp had no other income except from said land and charged that in 1935, 1944 and 1954 he purchased certain described land with funds partially owned by or owing to the plaintiff from the defendant, Glenn L. Kamp.

The first count of the complaint consisted of eight paragraphs and by their answer the defendants admitted each and every allegation of each and every paragraph. By their answers to count two of the complaint the defendants admitted the death, heirship and seizin of Louis C. Kamp as alleged and also many of the other allegations of count two but denied that plaintiff was entitled to an accounting. The issues thus made by the pleadings were referred to the master-in-chancery and at the hearing before the master the parties entered into this stipulation: "It is stipulated and agreed by and between counsel that proof shall be made before the Master as to the matters contained in Count I and he shall make a report thereon, and that all other matters raised by the pleadings shall be deferred for further consideration of the Master after completion of the partition."

The master reported that all the parties were of legal age and under no disability; that the rights and interests of the parties were properly set forth in count one of the complaint; that no one other than the parties thereto have any right, title or interest in the premises and recommended that a decree for partition be entered as prayed. No objections were filed to the master's report or any exceptions to the master's findings and the usual decree of partition was rendered.

By this decree commissioners were appointed who reported that a division could not be made without manifest prejudice to the parties interested and upon the approval of this report a decree of sale was ren-

dered and the premises were duly sold for $44,055. This report was approved and the cause was re-referred to the master to take testimony and to determine the amount to be allowed as fees for plaintiff's attorneys, if any, and also take testimony and report his conclusions upon the reserved questions. This was done in part and the master reported that $1,936 was a fair and reasonable attorney fee for the services rendered by plaintiff's attorneys and that this amount should be assessed as costs and apportioned between the parties interested as it was not necessary for defendants to employ counsel to protect their interests under count one of the complaint. Objections to the master's report were filed and overruled and were ordered to stand as exceptions and upon a hearing before the chancellor all exceptions were overruled and a decree entered, in accordance with the master's report. To reverse this decree the defendants appeal.

Counsel for appellants state that their answer admitted the facts alleged with reference to the partition proceeding; that the rights and interest of the parties in interest were correctly set forth in count one of the complaint; that the premises sold for $1,355 more than the appraised value and that "counsel for defendants are highly in favor of attorneys being well paid" for their services and that no objection is made to the amount allowed the attorneys for the plaintiff. Counsel insist, however, that this is an adversary proceeding; that there is a good and substantial defense interposed to count two of this complaint and that it would be inequitable to require defendants to pay any part of the fees to plaintiff's attorneys in addition to paying fees to their own counsel.

The record discloses that this cause proceeded in the usual manner. The issues made by the pleadings were referred to the master and at the hearing before the master the parties stipulated that proof should

only be made as to count one and that all other matters raised by the pleadings be deferred until after the completion of the partition under count one of the complaint. Following this stipulation the abstract states that formal proof of the allegations of count one was made and the master reported these facts and recommended that a decree for partition be rendered in accordance with the prayer of count one of the complaint. No objections or exceptions were filed to this report and it was approved by the chancellor and the usual decree for partition was rendered. Appraisers were appointed, the report approved and a decree of sale was awarded.

Counsel agree that the decree of sale, when first presented by counsel for plaintiff to counsel for defendants, provided that the crops growing on the premises should go to the purchaser at the sale. The attention of counsel for plaintiff was called, by counsel for defendants, to the fact that defendant, Glenn L. Kamp was farming the premises and that he would be entitled to the tenant's share of the crops. The decree of sale was changed to so provide and was then submitted to and approved by the court. A sale thereunder was had and Glenn L. Kamp, one of the defendants purchased the premises at the sale. The report of sale was approved and a decree of distribution awarded and under that decree the costs have been paid (other than the attorney fees) and distribution has been carried out according to the decree of partition.

Another matter to which counsel for appellant called to our attention and which they insist made it necessary for their clients to employ counsel are that when counsel for appellee submitted to them the decree for partition there was the usual finding therein to the effect that "the equities in this proceeding were with the plaintiff." Counsel state that this finding would have prejudiced their clients upon the question

533

of accounting sought under the second count of the complaint. There is no merit in this contention as the decree granted only the relief sought in count one and expressly provided that it was a final decree so far as the partition of the premises involved were concerned and concluded "that all other questions raised by the pleadings should be, and the same hereby are, reserved for further consideration by the master under the order of reference."

Counsel for appellants also argue that if defendant, Katie Kamp, had not had independent counsel. she would have consented to the sale of her homestead interest. Whether she would have so consented does not appear from the record. What the record does show is that count one of the complaint correctly set up her homestead interest. The decree of partition so found. The commissioners set off to her as her homestead the residence and land upon which the residence was located. The decree of sale approved the report of the commissioners and directed the sale of the premises described in the complaint subject to the homestead estate of Katie Kamp and the premises were so sold.

In support of appellants' contention counsel cite Hynes v. Jennings, 262 Ill. 268. The complaint in that case in addition to seeking partition of the premises involved prayed that the defendants be required to account for the rents subsequent to the death of the ancestor and that a decree for the amount found due be rendered against them in favor of the plaintiff and that the amount found due plaintiff be made a lien upon the respective shares of the defendants in the property involved in the proceeding. In the course of its opinion reversing the decree of the circuit court in so far as it awarded a solicitor's fee to plaintiff's attorney the court said: (p. 279) "In the case before

us the bill made the accounting a necessary part of the suit in asking that an accounting be had and the amount found due complainant paid out of defendants' interest in the property. As the accounting is still in fieri, it cannot be known which of the parties will succeed, but it is clear that there is an honest difference between them affecting their ultimate rights in the property."

What is said in Stollard v. Nycum, 240 Ill. 472 at pages 474, 475, 476 is appropriate. "In this case" said the court, "the rights and interests of all the parties were properly set forth in the bill exactly as they were ascertained by the decree. The only objection raised by the answer was that the complainant was in possession of the greater part of the land,—a fact which was not alleged in the bill. The fact did not, however, affect his interest or that of his co-tenants in the land. Whether he was, or they were, in or out of possession, their respective interests in the land remained the same. He happened to be in possession under the life tenant at the expiration of her estate, and had remained in possession a few days when he amended his bill to show the expiration of that estate. So long as he remained in possession he would be liable to account to his co-tenants. But such accounting had no necessary connection with the partition of the land. It was a mere incident which might be brought into the suit if any party desired it, but was no essential part of it and might be had entirely apart from the partition. . . .

"There was no controversy, in a legal sense, in this case. True, the parties could not agree on a partition; but this is not surprising, since the commissioners reported the property not susceptible of division without great injury. They could not agree upon or unite in a sale, but they were under no obligation to do so.

No indication of any adverse interest or claim among the co-tenants appears except as to the rental value of the land, for which appellant is held to account. This was a matter which did not affect the partition of the lands. Everything that was done by complainant's solicitors was for the benefit of all in securing a just and fair partition of the land or a sale which would secure to the owners its full value. No reason is shown why it is not equitable to apportion a solicitor's fee ratably among the parties in interest as a part of the costs."

█ With reference to the rights to have attorney fees apportioned under the statute this court in Searl v. Searl, 122 Ill. App. 129, said: (pp. 132, 133) "It may be thought prudent and the exercise of good business judgment where the personal relations are such as existed between the complainants and defendants in this case, for defendants to employ counsel to see that the proceedings are regular and no advantage taken or sought; but this would not justify a court in refusing to apportion the solicitor's fee unless as said in the McMullen case. (McMullen v. Reynolds, 209 Ill. 504) 'The court can see that it is necessary for the defendants to have counsel to protect their interests and to insure a just partition of their estate, and that the solicitor of the complainant represents alone the interests of the complainant.' Where the solicitor for the complainant fairly and honestly represents the interests of all the parties in the premises sought to be partitioned, there is no necessity for defendants employing counsel. If, notwithstanding there is no necessity for it, defendants should conclude it would be wise to have their own counsel watch the proceedings, we see no hardship in their being required to pay counsel so employed by them, in addition to their proportion of the fee of the solicitor for complainant. Such employment requires but little labor of counsel, and serv-

536

ices in such cases are usually rendered for small compensation."

In Kunart v. Deal, 5 Ill.App.2d 142 the complaint recited that the plaintiff George E. Kunart and defendants Goldie E. Deal and Bertha L. Kent, were owners in equal parts as tenants in common of the premises sought to be partitioned. It was also alleged that two other persons, Darrell Kent and Ethyel Kent were in possession of a part of the property as terre tenants. The wife of the plaintiff entered her appearance in the case and the defendants employed counsel and answered admitting the material allegations of the complaint. A decree for partition was rendered on January 9, 1953 which found that the plaintiff, George E. Kunart and the defendants Goldie E. Deal and Bertha L. Kent were the owners of the property as tenants in common each of them having an undivided one-third interest therein; that Darrell Kent and his wife were terre tenants on part of the land and that plaintiff and his wife were terre tenants on another part of the land. The commissioners appointed by the decree for partition made their report on January 30, 1953 and counsel for the plaintiff presented to the court a decree approving this report and for sale. That decree directed that the sale be made "subject to the rights of rental tenants in possession for the crop year 1953." Mrs. Deal and Mrs. Kent, the defendants, objected to this provision and upon a hearing had on March 10, 1953 the court directed that the premises should be sold free and clear of the rights of any tenant who farmed the premises during the crop year of 1952 and that the purchaser at the sale should be entitled to possession upon approval of the sale. The trial court denied the motion of the plaintiff for the apportionment of attorney fees and entered an order refusing to tax the same as costs. The Appellate Court in reversing that order said (pp. 149, 150) that the defend-

ants Deal and Kent had employed counsel before the matter of the tenants' rights came up and whether they had re-employed counsel to represent them on the hearing of March 10, 1953 did not appear from the record, "but" said the court, "we do not regard the matter litigated at that time, as a matter that would affect the rights of the parties in and to the land. It was at most a minor matter relating to tenancy of the land, and in no way affected the actual interest of the parties to the land." The court then cited and quoted from Stollard v. Nycum, 240 Ill. 472 and concluded that the matter of the rights of the tenants had no necessary connection with the partition of the land and inasmuch as the original complaint correctly and properly set forth the interests of the various parties and that there was no controversy which required a substantial defense on the part of the defendants it was error to deny the apportionment of attorney fees.

██ In the instant case, the record is devoid of any defense to the partition proceeding. The rights and interests of all the parties in interest were properly and accurately set forth in the complaint. The answer of the defendants admitted every allegation of count one of the complaint as therein stated; upon reference to the master the parties stipulated that the master should hear only the proof of the matters contained in count one and that all other matters be deferred. This was done. The master filed his report, which was approved, and a decree of partition and the appointment of commissioners rendered. The commissioners filed their report which was approved by the court and a decree of sale was awarded the plaintiff and the land was sold pursuant to that decree. The sale has been approved and a distribution made. The defendants had a perfect right to employ counsel and they did so but plaintiff met the statutory requirements and was en-

titled to have the attorney fees, the amount of which is not questioned, apportioned as provided by the statute (Ill. Rev. St. 1957, Chap. 106, Sec. 68).

The order appealed from is affirmed.

Order affirmed.

SPIVEY and McNEAL, JJ., concur.